**IN THE CIRCUIT COURT OF HEMPSTEAD COUNTY, ARKANSAS**
**________ DIVISION**

FILED 2015 DEC 8 AM 11 24 GAIL WOLFENBARGER CIRCUIT CLERK HEMPSTEAD COUNTY, AR

PAULA YORK PLAINTIFF

VS. NO. CV-2015-174-1 29

GREGORY ALEXANDER &
NATIONAL DISTRIBUTORS LEASING, INC. DEFENDANTS

**COMPLAINT**

Plaintiff, Paula York, also known as Paula Wong, by and through her attorneys, Kale L. Ludwig, and the Ludwig Law Firm, PLC, for her Complaint against Defendants, Gregory Alexander & National Distributors Leasing, Inc., states:

1. Defendant Gregory Alexander is a resident of Indiana who, upon information and belief, resides at: 484 Sunset Dr., Noblesville, Indiana 46060.

2. Defendant National Distributors Leasing, Inc. is a foreign for profit corporation organized, existing, and incorporated under the laws of the State of Indiana. National Distributors Leasing, Inc.'s registered office address is 1517 Avco Blvd., Sellersburg, Indiana 47172. National Distributors Leasing, Inc.'s registered agent is Robert K. Vaughn, 1517 Avco Blvd., Sellersburg, Indiana 47172.

3. Plaintiff Paula York is a resident of Arkansas residing at: 135 Tabletop Rd., Shirley, Arkansas 72153.

4. The events alleged herein occurred on Interstate 30 approximately 1.28 miles southwest of reference point 67, in Hempstead County, Hope, Arkansas.

5. On or about December 16, 2012, Plaintiff Paula York was heading southwest on Interstate 30 in the far left lane.

EXHIBIT B

6. On or about December 16, 2012, Defendant Gregory Alexander was operating a Diesel Tractor-Trailer Truck (18-Wheeler) heading southwest on Interstate 30 at the same time and location of Plaintiff.

7. Without warning and in the absence of the right of way, Defendant Gregory Alexander changed lanes from the right lane to the left lane, driving his 2006 Diesel Tractor-Trailer Truck (18-Wheeler) into the right passenger side of the vehicle operated by Plaintiff.

8. Defendant Gregory Alexander's contact with Plaintiff's vehicle drove Plaintiff into the concrete jersey barrier.

9. Plaintiff remained in the far left lane until Defendant Gregory Alexander entered the left lane making contact with the vehicle driven by Plaintiff.

10. After contact with Plaintiff's vehicle, Defendant Gregory Alexander fled the scene of the accident.

11. Defendant Gregory Alexander was later stopped by the Arkansas Highway Department after fleeing the scene of the accident.

12. As a result of the crash, Plaintiff suffered severe back and neck pain requiring medical treatment and surgery.

13. Plaintiff's injuries as a result of the afore-mentioned wreck caused her to miss work.

14. Plaintiff's vehicle sustained property damage when Defendant's vehicle made contact with Plaintiff's vehicle and upon contact with the concrete jersey barrier.

15. At the time of the above crash, Defendant Gregory Alexander was operating his 18-wheeler as an employee of National Distributors Leasing, Inc., driving under the direct supervision of National Distributors Leasing, Inc., and otherwise driving within the scope and course of National Distributors Leasing, Inc.'s direction.

16. Jurisdiction and venue are proper in this Court.

17. This Court has jurisdiction of this Defendant pursuant to A.C.A. § 23-63-301, et. seq. and A.C.A § 16-4-101, et. seq. and pursuant to the common law of the State of Arkansas, the Arkansas Constitution, and the Constitution of the United States of America.

**I. NEGLIGENCE**

18. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the proceeding paragraphs of the Complaint as a part of this count.

19. Defendant Gregory Alexander is guilty of negligence that was the proximate cause of the above collision and damages suffered by Plaintiff. Specific acts of negligence include but are not limited to:

(a) Failing to keep a proper lookout;

(b) Failing to properly operate his 2006 Diesel Tractor-Trailer Truck (18-wheeler);

(c) Failing to keep proper control of the vehicle he operated;

(d) Failing to properly change lanes;

(e) Failing to properly stay in his lane of travel;

(f) Failing to otherwise comply with the rules of the road pursuant to Arkansas and Federal law, all in violation of law; and,

(g) Failing to make prudent decisions regarding his operation of the vehicle on the day in question.

20. These and other acts of negligence on the part of Defendants were the proximate cause of damages sustained by Plaintiff Paula York as more specifically described below.

## II. DAMAGES

21. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the proceeding paragraphs of the Complaint as a part of this count.

22. The negligence of Defendants outlined above proximately caused damages to Plaintiff Paula York, including but not limited to the following:

(a) The reasonable value of past and future medial expenses attributable to the injuries including expenses necessary for medical care, treatment and services including transportation, board and lodging expenses necessarily involved in securing such care, treatment and services;

(b) The nature, extent, duration and permanency of all injuries;

(c) Past and future pain, suffering and mental anguish;

(d) Severe, and permanent bodily injury;

(e) Scarring, disfigurement and visible results of the injuries sustained;

(f) The value of services, contributions and other expenses in the past and the future or probable in the future including but not limited to the reasonable expenses of any necessary help in the home and the present value of such expenses reasonably certain to be required in the future;

(g) Earning capacity losses and the value of any earnings, profits, salary, and working time reasonably certain to be lost in the future;

(h) The present value of any loss of ability to earn in the future;

(i) Other incidental, consequential and punitive damages;

(j) Aggravation of pre-existing injuries and conditions;

(k) Loss of use;

(l) Property damage to Plaintiff's vehicle; and,

(m) Any and all other damages allowed under state and federal law.

## III. VICARIOUS LIABILITY

23. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in the proceeding paragraphs of the Complaint as a part of this count.

24. At all times material and relevant hereto, Defendant Gregory Alexander was an employee of National Distributors Leasing, Inc., and the acts and omissions of Defendant Gregory Alexander described herein occurred during and within the scope and course of his employment with Defendant National Distributors Leasing, Inc.

25. Defendant National Distributors Leasing, Inc., as employer of Defendant Gregory Alexander, is vicariously liable for the negligent, careless, reckless acts and omission of its employee, Gregory Alexander.

26. Plaintiff reserves the right to amend her complaint pending further discovery.

27. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, Paula York, prays for judgment against Defendants Gregory Alexander and National Distributors Leasing, Inc., in a compensatory sum specifically undetermined at the time this Complaint is filed but in a sum of $75,000 or more, for a reasonable attorney's fee, prejudgment and post judgment interest, punitive damages, court costs, and for all other proper relief to which Plaintiff may be entitled.

Respectfully submitted,

By: ______________________

Kale L. Ludwig, Ark. Bar No. 2011137
Ludwig Law Firm PLC
1 Three Rivers Drive

Little Rock, AR 72223
Telephone (501) 868-7500

*Attorneys For Plaintiff*